## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| DATA SCAPE LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., and VERIZON CONNECT, INC.,<br><br>        Defendants. | C.A. No. 6:19-cv-00312<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which plaintiff Data Scape Limited ("Plaintiff," "Data Scape") makes the following allegations against defendants Verizon Communications, Inc. and Verizon Connect, Inc. (each a "Defendant" or collectively "Defendants"):

## **PARTIES**

1. Data Scape is a company organized under the laws of Ireland with its office located at Office 115, 4-5 Burton Hall Road, Sandyford, Dublin 18, Ireland.

2. On information and belief, defendant Verizon Communications Inc. ("Verizon Communications") is a Delaware corporation with a principal place of business at 1095 Avenue of the Americas, New York, New York 10036. Verizon Communications has additional offices at 11950 Don Haskins Drive, El Paso, Texas 79936. Verizon Communications may be served through its registered agent, CT Corporation System, 350 North Paul Street, Dallas, Texas 75201.

1

3. On information and belief, defendant Verizon Connect, Inc. is a Delaware corporation with a principal place of business at 2002 Summit Blvd., Suite 1800, Atlanta GA. On further information and belief, Verizon Connect, Inc. has additional offices at 10801 North MoPac Expressway, Building 3, Suite 500, Austin, Texas 78759. Verizon Connect may be served through its registered agent, CT Corporation System, 350 North Paul Street, Dallas, Texas 75201. Verizon Connect, Inc. is wholly owned by its corporate parent, Verizon Communications, which are collectively referred to herein as "Verizon Connect."

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over each defendant in this action because each defendant has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over each defendant would not offend traditional notions of fair play and substantial justice. Each defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patent.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). Each defendant has established places of business in the Western District of Texas. Each defendant is registered to do business in Texas. Upon information and belief, each defendant has

transacted business in this District and has committed acts of direct and indirect infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,277,675

7. Data Scape is the owner by assignment of United States Patent No. 10,277,675 ("the '675 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '675 Patent was duly and legally issued by the United States Patent and Trademark Office on July 17, 2018. A true and correct copy of the '675 Patent is included as Exhibit A.

8. On information and belief, Verizon Connect has offered for sale, sold and/or imported into the United States Verizon Connect products and services that infringe the '675 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, the Verizon Connect "Work" software and service, the "Fleetmatics Work" software and service, and the Work Mobile application, and all versions and variations thereof since the issuance of the '675 patent ("Accused Instrumentalities").  On information and belief, Verizon Connect has directly infringed and continues to infringe the '675 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute the communication system of Claim 1 of the '675 Patent comprising: a first apparatus having a first hardware storage medium, and a second apparatus, said second apparatus comprising: a second hardware storage medium configured to store management information of data to be transferred to said first storage medium; a hardware interface configured to communicate data with said

first apparatus; a processor configured to: detect whether said first apparatus and said second apparatus are connected; select certain data to be transferred; edit said management information based on said selection without regard to the connection of said first apparatus and said second apparatus; compare said management information edited by said processor with management information of data stored in said first storage medium; and transmit the selected data stored in said second apparatus to said first apparatus via said hardware interface based on said management information edited by said processor when said processor detects that said first apparatus and said second apparatus are connected based upon a result of the comparison.  Upon information and belief, Verizon Connect uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Verizon Connect's customers.

9. On information and belief, Verizon Connect has had knowledge of the '675 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Verizon Connect knew of the '675 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Verizon Connect will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '675 Patent.

10. On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '675 Patent.

11. Verizon Connect's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce

4

users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe Claim 1 of the '675 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner such systems constitute infringing communication systems comprising: a first apparatus having a first hardware storage medium, and a second apparatus, said second apparatus comprising: a second hardware storage medium configured to store management information of data to be transferred to said first storage medium; a hardware interface configured to communicate data with said first apparatus; a processor configured to: detect whether said first apparatus and said second apparatus are connected; select certain data to be transferred; edit said management information based on said selection without regard to the connection of said first apparatus and said second apparatus; compare said management information edited by said processor with management information of data stored in said first storage medium; and transmit the selected data stored in said second apparatus to said first apparatus via said hardware interface based on said management information edited by said processor when said processor detects that said first apparatus and said second apparatus are connected based upon a result of the comparison. For example, Verizon Connect explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of communicating and sharing data among multiple devices: "Automatically Work Offline. Job information is automatically saved when a Fieldworkers has lost Photos, notes and more get synced when they're back online." https://support.work.fleetmatics.com/hc/en-us/articles/360000236706-What-is-the-difference-between-Work-Classic-App-and-Work-Mobile-App-. For similar reasons, Verizon Connect also induces its customers to use the Accused Instrumentalities to infringe

other claims of the '675 Patent. Verizon Connect specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '675 Patent. Verizon Connect performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '675 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Verizon Connect engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Verizon Connect's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '675 Patent. Accordingly, Verizon Connect has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '675 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '675 Patent. Accordingly, Verizon Connect has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '675 Patent, in violation of 35 U.S.C. § 271(b).

12. Verizon Connect also indirectly infringes the '675 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '675 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, the Accused Instrumentality is designed to be used as an infringing communication system comprising: a first apparatus having a first hardware storage medium, and a second

apparatus, said second apparatus comprising: a second hardware storage medium configured to store management information of data to be transferred to said first storage medium; a hardware interface configured to communicate data with said first apparatus; a processor configured to: detect whether said first apparatus and said second apparatus are connected; select certain data to be transferred; edit said management information based on said selection without regard to the connection of said first apparatus and said second apparatus; compare said management information edited by said processor with management information of data stored in said first storage medium; and transmit the selected data stored in said second apparatus to said first apparatus via said hardware interface based on said management information edited by said processor when said processor detects that said first apparatus and said second apparatus are connected based upon a result of the comparison. Because the Accused Instrumentality is designed to operate as the claimed system for communication, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Verizon Connect's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '675 Patent. Accordingly, Verizon Connect has been, and currently is, contributorily infringing the '675 Patent, in violation of 35 U.S.C. § 271(c).

13.     The Accused Instrumentalities include a system for communicating data. For example, the Accused Instrumentalities include "[a] communication system including a first apparatus having a first hardware storage medium, and a second apparatus." As an example, the Verizon Connect Work product is designed to transfer data between a device utilizing the Verizon Mobile Work application and the Verizon Connect servers  / work

7

admin. Both the Verizon Connect servers and the device (e.g. smartphone, tablet, or other mobile device) include storage media (e.g. flash memory, solid state drive, or hard disk):

> Work Mobile is our new fieldworker app that can be used by Fieldworkers to record job details such as notes, photos and signatures from the field.
>
> The Work Mobile app is available for download in the Apple App Store and Google Play. The Work Mobile app is currently available for:
>
> - **Phone-iOS:** iOS 9 and up
> - **Phone-Android:** Lollipop 5.0 and up
> - **Tablet-iOS:** iOS 9 and up
> - **Tablet-Android:** Lollipop 5.0 and up
>
> Before you download the app, you'll need login information including a username and password. Admins in the office can create login information. To learn more, visit - How do I create a fieldworker?

https://support.work.fleetmatics.com/hc/en-us/articles/360001075006-How-do-I-download-the-Work-Mobile-App-

> Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

14. The Accused Instrumentalities include a second apparatus comprising: "a second hardware storage medium configured to store management information of data to be transferred to said first storage medium." For example, the smartphone, tablet, or other mobile device on which the Work Mobile application is utilized includes a storage medium

for storing information about a job that is input by a Fieldworker to be transferred to the Verizon Connect servers / Work admin. Such information includes: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

15. The Accused Instrumentalities further include a second apparatus comprising "a hardware interface configured to communicate data with said first apparatus." For example, the phone, tablet, or other mobile device on which the Work Mobile application is running can communicate data to the Work Admin / Work Connect Servers via WiFi or cellular networks:

> Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

16. The Accused Instrumentalities further include a second apparatus comprising "a processor configured to: detect whether said first apparatus and said second apparatus are connected." For example, the smartphone, tablet, or mobile device utilizing the Work Mobile application will determine whether it is connected to the Work Admin, or Work servers:

9

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.



https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

17. The Accused Instrumentalities further include a second apparatus comprising "a processor configured to: . . . select certain data to be transferred" [and] "edit said management information based on said selection without regard to the connection of said first apparatus and said second apparatus." For example, the phone, tablet, or other mobile device on which the Verizon Mobile Application is running includes a touch screen or other interface that allows a fieldworker to input job data into the Work Mobile Application. Such lists of data include: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-. This information can be edited even in "offline" mode, where the Work Mobile application is not connected to the Verizon Connect servers / Work Admin:

Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.

When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.



https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

18. The Accused Instrumentalities further include a second apparatus comprising "a processor configured to: . . . compare said management information edited by said processor with management information of data stored in said first storage medium." For example, when the device running the Work Mobile application is connected to the Verizon Connect Work servers / Work Admin, determines that job information data input by the worker, has not been transmitted to Work Admin, will be transferred and synced with data stored in the Verizon Connect servers / Work Admin, this information will be transferred from the device to the servers.. The information to be transferred includes: time on the job, Job Start/ Finish Questions, Job Custom Fields, Client Custom Fields, Completion Notes, photos of the job, customer signatures, and billing items. *See* https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-.

> Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.
>
> When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

> Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

19. The Accused Instrumentalities further include a second apparatus comprising "a processor configured to: . . . transmit the selected data stored in said second apparatus to said first apparatus via said hardware interface based on said management information edited by said processor when said processor detects that said first apparatus

13

and said second apparatus are connected based upon a result of the comparison." For example, when the smartphone, tablet or other device has been working in offline mode and comes online, the data input by the Fieldworker that has not been previously transferred to the Verizon Connect servers / Work Admin will be synced with the servers:

> Offline mode on the Work Mobile App allows a Fieldworker to perform many of the functions of a Job even if they are outside of cellular coverage.
>
> When Fieldworkers are in a location where they are traveling in and out of coverage, Work Mobile will notify them they are in offline mode.

> Once the Fieldworker reaches an area with coverage, all the Job information will get synced and available for Admins in the office to review.

https://support.work.fleetmatics.com/hc/en-us/articles/360000245066-What-can-fieldworkers-do-in-offline-mode-

20. Verizon Connect also infringes other claims of the '675 Patent, directly and through inducing infringement and contributory infringement.

21. On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '675 Patent.

22. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data communication features, Verizon Connect has injured Data Scape and is liable to Data Scape for infringement of the '675 Patent pursuant to 35 U.S.C. § 271. As a result of Verizon Connect's infringement of the '675 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Verizon Connect's

14

infringement, but in no event less than a reasonable royalty for the use made of the invention by Verizon Connect, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Scape respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Verizon Connect has infringed, either literally and/or under the doctrine of equivalents, the '675 Patent;

b. A permanent injunction prohibiting each Defendant from further acts of infringement of the asserted patent;

c. A judgment and order requiring each Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the asserted patent, as provided under 35 U.S.C. § 284;

d. A judgment and order requiring each Defendant to provide an accounting and to pay supplemental damages to Data Scape, including without limitation, prejudgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against each Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  May 20, 2019

Respectfully submitted,

*/s/ Marc A. Fenster*
Marc A. Fenster

Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor,
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Data Scape Limited*